HEIRS OF ARRARÁS, PLAINTIFFS AND APPELLANTS, *v.* FIGUEROA ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Mayagüez in an Action to Recover Possession.

No. 2297.—Decided July 23, 1921.

EJECTMENT—PLEADING—LIMITATION.—A complaint states a cause of action if the plaintiffs allege therein that their ancestor acquired a certain property by a judicial title; that they acquired it by inheritance; that they have neither alienated nor leased the property, and that they held possession of the property until they were deprived of it against their will by the defendants, the action being one of ejectment arising from the right of ownership and not an action accruing to a mere possessor under section 448 of the Civil Code in connection with Act No. 43 of 1913 which is barred by limitation after one year.

The facts are stated in the opinion.

*Mr. L. Montalvo* for the appellants.

*Mr. A. A. Vázquez* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

The heirs of José Arrarás Noaín, consisting of his widow and children, brought an action on August 5, 1919, in the District Court of Mayagüez against Francisca Rosado and others, alleging substantially the following: That the plaintiffs are the sole testamentary heirs of José Arrarás Noaín, who died on July 21, 1916; that a part of the estate left by the testator is a rural property in the ward of Playa, at the place known as "La Puente," of the Municipality of Añasco, the property being described; that their testator acquired the said property by a deed of division and settlement of the assets of the mercantile partnership of Diez & Arrarás, executed on July 12, 1905; that by reason and effect of the title of testate inheritance which they invoke, the plaintiffs are the sole common owners of the said undivided property and had physical possession and actual enjoyment of it from the 21st of July, 1916; that on the 13th, 18th and 19th of May, 1917, Francisca Rosado, through the action of her nephews, the other defendants, took possession of the said

property and continued in the actual possession and enjoyment thereof against the express will and right of ownership of the plaintiffs; that at a certain time after the 1st of October, 1918, the other defendants joined Francisca Rosado in the actual possession and enjoyment of the said property and from that time they all hold and enjoy it against the express will and ownership rights of the plaintiff; that on May 21, 1917, the plaintiffs brought in the same district court a civil action of injunction to recover the physical possession of the said property, which was decided against them on September 6, 1918; that as a result of the foregoing facts the plaintiffs are deprived of the physical possession and enjoyment of the property and the defendants refuse to surrender to them the possession and enjoyment thereof, notwithstanding the friendly and judicial demands made upon them to that effect; that none of the defendants has assigned, sold or leased his interest in the said property to any person whatsoever; that up to May 13, 1917, none of the defendants had held or enjoyed possession of the property or any part thereof; that the property has a value of $600.

As a second cause of action they reproduced the foregoing facts and alleged further that Francisca Rosado received all of the products of the property from May 13, 1917, to October 1, 1918, and that since that date all of the defendants have received them, the value of the products of the property from May 13, 1917, to the date of the complaint being fairly estimated in the sum of $600.

With these allegations they prayed the court to sustain the complaint and adjudge that the defendants are in possession of the property unlawfully and against the will and rights of the plaintiffs, and that the plaintiffs are the only persons entitled to its possession and enjoyment; to order the defendants to vacate the property and surrender its physical possession and enjoyment to the plaintiffs; to adjudge that the defendants jointly and severally pay to the plaintiffs

the sum of $600 for the profits obtained by them from the property, with such other relief as may be proper, and to impose upon the defendants, the costs, expenses, disbursements and attorney fees.

We have almost wholly reproduced the complaint because this appeal by the plaintiffs rests upon it, inasmuch as the defendants demurred to the first cause of action on the ground that it is barred in accordance with Act No. 43 of March 13, 1913, in connection with section 1869 of the Civil Code, because the action was brought on August 5, 1919, and that the facts alleged do not constitute a cause of action because they have been adjudicated in favor of Francisca Rosado; and to the second cause of action they demurred on the ground that it does not state facts sufficient to constitute a cause of action and that the recovery of profits from March 13, 1917, to August 4, 1918, is barred under section 1869 of the Civil Code, and the court, by its judgment of May 28, 1920, held that the first and second causes of action were barred by limitation, and, also, that they did not state facts sufficient to constitute causes of action, for which reason the complaint was dismissed in all its parts, with the costs against the plaintiffs.

From the grounds of the demurrer to the complaint; from the judgment of the court, and principally from the briefs filed by the parties in this appeal, we have reached the conclusion that all who took part in this case considered the action as one brought under section 448 of the Civil Code, which provides that every possessor has a right to be protected or reinstated in his possession, such an action being governed by Act No. 43 of 1913, as amended by Act No. 11 of November, 1917, and being barred in one year under the latter Act in conformity with subdivision 1 of section 1868 and section 462 of the Civil Code, while the language of the complaint shows that it is not such an action, but an action

to recover physical possession of the property as its owners and not as mere possessors.

The plaintiffs allege that their testator acquired the property by allotment in the division of the assets of the partnership of Diez & Arrarás; that they are now its owners by testate inheritance from him; that they have not assigned, sold or leased their rights to any person, and that they held the physical possession of the property until they were deprived of it by the defendants against their will. If all this is true, as must be presumed for the purpose of ruling on the demurrer, it is clear that the plaintiffs are the owners of the property and that they assert their rights of ownership to recover the physical possession thereof, held at the present by the defendants without any title thereto, according to the complaint; for if they had intended to claim under the said Acts of 1913 and 1917 it would have been sufficient to allege the mere possession or tenancy of the property. Section 354 of the Civil Code provides that ownership confers the right to enjoy and dispose of things without further limitations than those established by law, and gives a right of action against the holder and the possessor to recover them; therefore, the plaintiffs being the owners, they can recover from the defendants the physical possession of the property. Hence, the first cause of action set up in the complaint alleges sufficient facts to support it.

As a result of what has been said, the lapse of more than one year between the time when the plaintiffs were deprived of the physical possession of the property and when they brought their action, alleged by the defendants as barring the action to recover possession, is not applicable to this case where the action to recover physical possession is not based on mere tenancy, but on ownership.

As to the second cause of action, we are of the opinion that the allegations are also sufficient, because section 361 of the Civil Code provides that to the owner belong the

natural fruits, the cultivated fruits and the civil fruits, and because their amount was here alleged; and their recovery is not barred under section 1869 of that Code, as the defendants allege, for that section refers to the one year's limitation of an action to recover possession and such is not the action in this case.

For the foregoing reasons the judgment appealed from must be reversed and the defendants are allowed ten days within which to answer.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Hutchison concurred.